By the Court.
 

 An original action in mandamus was brought in the Court of Appeals of Montgomery county by six stockholders of The Dayton (Ohio) Building & Savings Association against the Superintendent of Building and Loan Associations of the state of Ohio and the “de facto” officers and directors of such building and savings association, to require the former to file with the Secretary of State a certificate for resumption of business as prescribed by Section 687-23, General Code, and to require the latter to call a special meeting of stockholders for the election of a new board of directors, and for other appropriate proceedings, in conformity with a certain order of the Court of Common Pleas of Montgomery county.
 

 Separate demurrers were filed to the petition by the Superintendent of Building and Loan Associations and by the respondent officers and directors of the association on the grounds that the petition did not state facts sufficient to constitute a cause of action; that the court was without jurisdiction of the person and subject-matter, and that there was a misjoinder of parties defendant and causes of action.
 

 It appears that on September 29, 1933, the Superintendent of Building and Loan Associations took over The Dayton Building & Savings Association for liquidation, pursuant to Section 687
 
 et seq.,
 
 General Code.
 

 On November 19, 1935, under authority of Sections 687-22a and 687-21, General Code, the superintendent placed the further liquidation of the association in its hands, following the provisions of law in such respect.
 

 Later, on October 17, 1936, pursuant to Section 687-23, General Code, the superintendent filed his ap
 
 *77
 
 plication in the Court of Common Pleas of Montgomery county asking the court to approve the resumption of business by the association on a restricted basis and under specific limitations and conditions.
 

 After a hearing on the matter, the court approved such application as made, and entered its order accordingly.
 

 The superintendent made no further move, whereupon this action in mandamus was commenced.
 

 In overruling the demurrers to the petition and in ordering the issuance of a peremptory writ, the Court of Appeals held in substance:
 

 (1) That, Section 687-23, General Code, relating exclusively to the resumption of business by building and loan associations, is - significant, and when the superintendent elected to invoke it, presented his application to the Court of Common Pleas, and secured the approval thereof, the order made thereon was the same as any other judicial decree, and the superintendent was placed under the.duty of complying with the statute by filing a certified copy of the order in the office of the Secretary of State;
 

 (2) That under the order as made by the Court of Common Pleas, the filing of a certified copy thereof ■with the Secretary of State was not a condition precedent to a compliance by the “de facto” officers and
 

 I
 
 directors of the association with the terms of such order directing “a call for a special meeting of the shareholders of said association for the election of eight directors,” etc.;
 

 (3) That the superintendent, having come into Montgomery county and having engaged in proceedings' there relative to the subject-matter of the mandamus action, made himself amenable to such an action in Montgomery county, under Section 11271, General Code, and was properly joinable with the'Other
 
 *78
 
 respondents to secure a complete adjudication as to the derelictions complained of;
 

 (4) That Section 687-11, General Code, is without application in a situation like the one presented.
 

 This' court, finding itself in agreement with the reasoning and conclusions of the Court of Appeals, afr firms the judgment of that court.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.